UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLSTATE LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                           Case No:   6:15-cv-294-Orl-31TBS

STANLEY W. BURNS, INC. and
STANLEY W. BURNS,

    Defendants.

## ORDER

This case comes before the Court on Plaintiff's Motion for Sanctions and Entry of Default Against Defendants Stanley W. Burns, Inc. and Stanley W. Burns (Doc. 60).

Plaintiff filed this lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division on September 12, 2014 (Doc. 1).  On October 6, 2015, both Defendants appeared through counsel and moved for dismissal based upon improper venue, or in the alternative, that the court transfer venue to this Court (Docs. 7, 9).  On February 23, 2015, the Illinois court found that venue was not proper, denied Defendants' motion to dismiss, granted their motion to transfer, and transferred the case to this Court (Doc. 26).

Following this Court's receipt of the case, Defendants' lawyers filed a motion to withdraw on the ground that it would be cost-prohibitive for them to defend the case in Florida (Doc. 33).  Defendants evidenced their consent by endorsing the motion to withdraw (Id.).  The motion was granted and Defendants' Illinois attorneys were terminated on March 13, 2015 (Doc. 40).  In its Order, the Court stated that until new

counsel appeared, individual Defendant Stanley W. Burns was representing himself and he must comply with the Federal Rules of Civil Procedure and the Court's local rules.   He was warned that if he failed to comply with these rules it could result in the entry of judgment against him (Id.).   The Order informed corporate Defendant Stanley W. Burns, Inc., that corporations can only appear through counsel and that it had 21 days (i.e., through April 3, 2015), within to obtain a new attorney (Id.).

Defendants did not employ new counsel and on April 2, 2015, they moved the Court for a 30 day extension of time to get representation (Docs. 42-43).   In his motion, the individual Defendant wrote "I deny all allegations made against me personally …". (Doc. 42 at 1).   Similar language does not appear in the corporate Defendant's motion[1] (Doc. 43).   After noting that the corporate Defendant's motion was improper because it was not signed by an attorney, the Court granted both motions and gave Defendants a deadline of May 15, 2015 to obtain new counsel (Doc. 45).

On May 15, 2015, both Defendants filed motions for further extensions of time to engage counsel (Docs. 46-47).   Once again, the individual Defendant included a denial of all allegations against him personally while the corporate Defendant did not.   The Court granted the motions, allowing both Defendants until June 1, 2015 to obtain counsel (Doc. 48).

On June 5, 2015, Defendants filed their third set of motions for an extension of time to employ counsel to defend this lawsuit (Docs. 51-52).   In his motion, the individual Defendant denied all allegations made against him personally, while the corporate Defendant did not make any denials (Id.).

---

[1] Nor would it matter since the motion was not filed by an attorney.

Pursuant to Order, counsel for Plaintiff and the individual Defendant (who is also president of the corporate Defendant), met on June 10, 2015, to prepare the parties' case management report (Doc. 54 at 1). However, the individual Defendant refused to agree to or oppose any proposal made by Plaintiff, citing as grounds, his lack of representation (Id.). Consequently, Plaintiff unilaterally filed what it styled as an "Opposed Case Management Report." (Id.).

On June 19, 2015, the Court granted both Defendants third motions for an extension of time (Docs. 57-58). The Court gave them until July 3, 2015 to obtain attorneys and informed them that no further extensions would be granted (Id.). To date, no attorney has appeared for either Defendant, and Plaintiff seeks the entry of a clerk's default against both (Doc. 60).

Defendants have not challenged the sufficiency of service of process, they have filed motions in Illinois and this Court, they argued successfully that the case should proceed in this Court, and the individual Defendant complied with a Court Order by attending a meeting with Plaintiff's counsel. Accordingly, the Court finds that Defendants have submitted to the jurisdiction of the Court and the validity of service of process is not an issue.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). A district court may also default a defendant pursuant to FED. R. CIV. P. 55(a) for failure to follow the Local Rules. Citadel Commerce Corp. v. Cook Sys., Inc., No. 8:08-cv-1923-T-33TGW, 2009 WL 1515736, at *1 (M.D. Fla. June 1, 2009) (citing Compania Interamericana Export, Import, S.A., v. Compania Dominicana de Avaiacion, 88 F.3d 948 (11th Cir. 1996)).

A corporation can only appear through counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); M.D. F<small>LA</small>. R. 2.03(e). The Court has repeatedly extended the time for the corporate Defendant to employ an attorney but, after having been given ample time, the corporate Defendant has not done so. "[E]ntry of default is a proper sanction for a defendant corporation's failure to obtain counsel." PGT Industries, Inc. v. Harris & Pritchard Contracting Services, LLC, No. 8:12-cv-358-T-33TGW, 2013 WL 1092241 at *2 (M.D.Fla. Mar. 15, 2013) (citing Kaplun v. Lipton, No. 06-20327-CIV, 2007 WL 707383 (S.D. Fla. Mar. 5, 2007)). The corporate Defendant's failure to obtain an attorney as directed by the Court is constructively willful and warrants the entry of default against it. Compania, 88 F.3d at 952.

On three occasions the individual Defendant has filed motions containing denials of all allegations made against him. Although not in the form of an answer, the Court finds that the individual Defendant's denials qualify as actions on his part to "plead or otherwise defend." F<small>ED</small>. R. C<small>IV</small>. P. 55(a). Accordingly, the Court finds that the individual Defendant has made a general denial precluding the entry of a clerk's default against him.

For these reasons, Plaintiff's motion is **GRANTED in part and DENIED in part**. The clerk shall enter default against corporate Defendant Stanely W. Burns, Inc.

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties