UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLSTATE LIFE INSURANCE
COMPANY,

      Plaintiff,

v.                                                    Case No:   6:15-cv-294-Orl-31TBS

STANLEY W. BURNS, INC. and
STANLEY W. BURNS,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is Plaintiff's Motion for Entry of Judgement Against Defendant Stanley W. Burns, Inc. (Doc 64).   Upon due consideration, I respectfully recommend that the motion be **DENIED**.

## I.  Background

      This litigation was initiated by Plaintiff on September 12, 2014, with the filing of a complaint for breach of contract, unjust enrichment, intentional misrepresentation, and fraud in the United States District Court for the Northern District of Illinois, Eastern Division (Doc. 1).   The Defendants, Stanley W. Burns, Inc. and Stanley W. Burns, individually, appeared through counsel in that court and moved for dismissal of the action based upon improper venue or, in the alternative, requested transfer of venue to this Court (Docs. 7, 9).   On February 23, 2015, the Illinois court granted Defendants' motion to transfer venue to the Middle District of Florida (Doc. 26).   The Illinois court, in its order granting transfer of the action to the Middle District of Florida, did not specify a deadline by which the Defendants were to answer the complaint (Id.).

Following this Court's receipt of the case, defense counsel filed a motion to withdraw on the grounds that it would be cost-prohibitive for them to defend the case in Florida (Doc. 33).   In granting defense counsel's motion to withdraw, the Court advised the corporate Defendant that corporations can only appear through counsel and Stanley W. Burns, Inc. was given twenty-one days within which to obtain a new attorney (Doc. 40).   Thereafter, Defendants filed multiple motions for extension of time to obtain new counsel.   See (Docs.42, 43, 46, 47, 51, 52).   The motions for extension of time were granted as requested until the final request in which this Court granted the extension to obtain counsel up to July 3, 2015, with no further extensions permitted (Docs. 57, 58). Notwithstanding the Court's orders, the corporate Defendant did not have an attorney file an appearance on its behalf by the July 3 deadline, it has filed no answer to the complaint, nor has an attorney appeared for the corporate Defendant to date.

On July 10, 2015, Plaintiff moved for sanctions and entry of default against both Defendants (Doc. 60).   Plaintiff argued that entry of default was warranted against Stanley W. Burns, Inc. for its failure to obtain counsel and comply with the Court's Orders (Id. at 1).   Additionally, Plaintiff argued that default was appropriate against both Defendants for their failure to file an answer or otherwise respond to the complaint (Id.). This Court granted the motion as to the Defendant, Stanley W. Burns, Inc. and denied the motion as to Stanley W. Burns, individually[1] (Doc. 61).   The Clerk entered default against Stanley W. Burns, Inc. on July 14, 2015 (Doc. 62).   On July 16, 2015, Stanley W. Burns, individually, answered the complaint (Doc. 63).

---

[1] Although Defendant Stanley W. Burns did not file a formal answer initially, the Court noted that on three occasions he filed motions containing denials of the allegations against him (Doc. 61 at 4).   Thus a Clerk's Default was not merited.

On August 25, 2015, Plaintiff filed the instant motion for entry of judgment against Defendant, Stanley W. Burns, Inc. pursuant to Federal Rule of Civil Procedure 54 against the corporate Defendant (Doc. 64).   No response in opposition to the motion has been filed.

## II. Discussion

### A. Service of Process and Entry of Clerk's Default

Federal Rule of Civil Procedure 4 sets out the rules regarding the service of process in a federal action.   A corporation may be served "in a judicial district of the United States … by delivering a copy of the summons and of the complaint to an … agent authorized by appointment or by law to receive service of process …."   FED. R. CIV. P. 4(h)(1)(B).   The docket does not include a return of service on Defendant Stanley W. Burns, Inc.   But, before the case was transferred to this Court both Defendants appeared through counsel in Illinois court seeking dismissal or transfer of venue (Doc. 7).   They did not challenge the propriety of the service of process (Id.).   Consequently, it appears that service was proper or, alternatively, that Defendants voluntarily submitted themselves to the jurisdiction of the Court.   The Court granted Plaintiff's motion for the entry of default against the corporate Defendant, Stanley W. Burns, Inc., and the Clerk properly entered default on July 14, 2015 (Docs. 61-62).

### B. Entry of Default Judgment

The entry of a default by the Clerk does not necessarily require the Court to enter a default judgment.   DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).   Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the complaint sufficiently alleges a basis for a default judgment.   Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th

Cir. 1975).[2]   Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought.   DIRECTV, Inc., 359 F. Supp. 2d at 1206.   "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'"   Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu, 515 F.2d at 1206).   However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.   In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."   Nishimatsu, 515 F.2d at 1206.

Pursuant to Federal Rule of Civil Procedure 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."   FED. R. CIV. P. 54(b).

### III. Plaintiff's Claims

As to Defendant Stanley W. Burns, Inc., Plaintiff's complaint alleges two alternative causes of action for breach of contract and unjust enrichment (Doc. 1 at 13-16).   Stanley W. Burns, Inc. is deemed to have admitted all the well-pled allegations of the complaint.[3]

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3] On the breach of contract count, Stanley W. Burns, Inc. is deemed to have admitted that there was a contract in place between Plaintiff and Stanley W. Burns, Inc., as an agent for Allstate, and that Stanly W. Burns, Inc. breached that contract by failing to reimburse Plaintiff for unearned commissions, failing to produce agent's books and records for inspection, failing to return confidential information to Plaintiff, submitting applications for life insurance to Plaintiff under false pretenses, certifying falsely that all information provided to Plaintiff in insurance applications was accurate, complete and correctly recorded, and in otherwise failing to comply with the terms and conditions of the contract. (Doc. 1 at 13-15).   Stanley W. Burns, Inc. is further deemed to have admitted that as a result of said breaches, Plaintiff has been damaged in an amount not less than $643,669.27, plus interest (Id. at 15).   On the unjust enrichment claim, Stanley W. Burns, Inc. is deemed to have admitted that it received a benefit by means of false pretenses and deceptive practices of unearned commissions in the amount of $643,669.27, which it would be unjust for the agent to retain (Id. at 15-16).

se

See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th

Cir. 2009) (defendant, by his default, admits the plaintiff's well-pleaded allegations of fact

and is barred from contesting those facts on appeal).   Although the general rule is that if

liability is well-pled in the complaint, it is generally considered established by the entry of

a default, see Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987), there are

exceptions to this general rule.   Frow v. De La Vega, 82 U.S. 552 (1872); see also

Nationwide Mut. Fire Inc. Co. v. Creation's Own Corp., Case No. 6:11-cv-1054-Orl-

28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011).   Where, as here, there are

multiple defendants, judgment is not appropriately entered against the defaulting party

that is alleged to be jointly liable "until the matter has been adjudicated with regard to all

defendants."   Nationwide Mut. Fire Ins. Co., 2011 WL 6752561, at *5 (citing Frow 82

U.S. 552).   This case is ongoing as to individual Defendant, Stanley W. Burns for unjust

enrichment, intentional misrepresentation, and fraud (Doc. 1 at 16-22).   Plaintiff seeks

punitive damages against this Defendant on the latter two counts (Id. at 19, 22).   Plaintiff

also seeks liquidated damages in the amount of $643,669.27 jointly from both

Defendants.[4]   Stanley W. Burns, individually, is actively defending the case (Doc. 63).

Consequently, to permit a default judgment against corporate Defendant, Stanley W.

Burns, Inc., at this juncture could potentially lead to inconsistent judgments.   This is just

reason to delay entry of judgment against the corporate Defendant.   As explained by the

Court in Frow:

> [I]f the suit should be decided against the complainant on the
> merits, the bill will be dismissed as to all the defendants alike-
> the defaulter as well as the others.   If it be decided in the
> complainant's favor, he will then be entitled to a final decree

---

[4] Even "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."   Gulf Coast Fans v. Midwest Elecs Imp., 740 F.2d 1499, 1512 (11th Cir. 1984).

> against all.   But a final decree on the merits against the
> defaulting defendant alone, pending the continuance of the
> cause, would be incongruous and illegal.

Frow v. De La Vega, 82 U.S. at 554.   "Several Circuits, including the Eleventh, have

found that Frow applies to situations where defendants are jointly and severally liable, or

have closely related defenses."   Rodriguez v. Guacamole's Authentic Mexican Food &

More, LLC, Case No. 11-62527-CIV, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012)

(citing Neilson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001);

Wilcox v. Raintree Inns of Am., Inc., 76 F.3d 394 (10th Cir. 1996); Gulf Coast Fans, Inc. v.

Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984); U.S. for Use of Hudson

v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir. 1967)).   If Plaintiff prevails against

Stanley W. Burns, individually, then it will be entitled to judgment against both

Defendants.   But, if Stanley W. Burns prevails against Plaintiff, then that judgment may

accrue to the benefit of Stanley W. Burns, Inc., except to the extent the individual

Defendant succeeds on a defense that is personal to him.   See Frow, 82 U.S. at 554.

For this reason, I find that the entry of default judgment now against Defendant Stanley

W. Burns, Inc., is premature.

### IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's

Motion for Entry of Judgment against Defendant Stanley W. Burns, Inc. (Doc. 64) be

**denied**.

Specific written objections to this report and recommendation may be filed in

accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings

on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 28, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

>   Presiding United States District Judge
>   Counsel of Record
>   Any Unrepresented Parties