UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLSTATE LIFE INSURANCE
COMPANY,

       Plaintiff,

v.                                Case No:   6:15-cv-294-Orl-31TBS

STANLEY W. BURNS, INC. and
STANLEY W. BURNS,

       Defendants.

_____

## <u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Plaintiff's Renewed Motion for Entry of Judgment Against Corporate Defendant Stanley W. Burns, Inc. (Doc. 73).   Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

## I. Background

Plaintiff filed this action alleging breach of contract, unjust enrichment, intentional misrepresentation, and fraud in the United States District Court for the Northern District of Illinois, Eastern Division (Doc. 1).   Defendants, Stanley W. Burns, Inc. (the "Corporation") and Stanley W. Burns, individually ("Burns"), appeared through counsel, and moved for dismissal of the case based upon improper venue or in the alternative, they requested transfer of the case to this Court (Docs. 7, 9).   On February 23, 2015, the Illinois court granted Defendants' motion to transfer venue to the Middle District of Florida (Doc. 26). In its Order, the Illinois court did not specify a deadline by which the Defendants were to answer the complaint (Id.).

Following this Court's receipt of the case, defense counsel filed a motion to

withdraw on the ground that it would be cost-prohibitive for them to defend the case in Florida (Doc. 33).   The Court granted the motion and in its Order, told the Corporation it could only appear through counsel (Doc. 40).   The Corporation was given twenty-one days to obtain a new attorney (Id.).   Thereafter, Defendants filed multiple motions for extensions of time to obtain new counsel (Docs.42, 43, 46, 47, 51, 52).   The motions were granted until the Court allowed a final extension through July 3, 2015 (Doc. 58).   In its Order, the Court said no further extensions would be permitted (Id.).   No attorney has appeared on behalf of the Corporation and it has not responded to Plaintiff's complaint.

On July 10, 2015, Plaintiff moved for sanctions and the entry of default against both Defendants (Doc. 60).   It argued that default was warranted against the Corporation for its failure to obtain counsel and comply with the Court's Orders (Id. at 1).   Plaintiff argued that default was appropriate against both Defendants based upon their failure to file an answer or otherwise respond to the complaint (Id.).   The Court granted the motion to default the Corporation and denied the motion to default Burns[1] (Doc. 61).   The Clerk entered default against the Corporation on July 14, 2015 (Doc. 62).   On July 16, 2015 Burns answered the complaint (Doc. 63).

On August 25, 2015, Plaintiff filed a motion for the entry of judgment against the Corporation pursuant to Federal Rule of Civil Procedure 54 (Doc. 64).   No response in opposition to the motion was filed.   I recommended, based upon Frow v. De La Vega, 82 U.S. 552 (1872), and its progeny that the motion be denied so as to avoid the possibility of inconsistent judgments (Doc. 65).   On October 13, 2015 Burns filed for protection in bankruptcy where he remains (Doc. 67).   The Court stayed the case against Burns while

---

[1] Although Burns had not filed a formal answer, the Court noted that on three occasions he filed motions containing denials of the allegations against him (Doc. 61 at 4).   Thus default was not appropriate.

decreeing that the stay "has no effect on the corporate defendant, Stanley W. Burns, Inc."
(Doc. 68).   On November 17, 2015, the district judge adopted my report and
recommendation to deny the motion for default judgment against the Corporation without
prejudice (Doc. 70).   In his Order, the district judge noted that Plaintiff had asserted the
same unjust enrichment claim against both Defendants and therefore, there was the
possibility of inconsistent results (Id.).   On January 5, 2016, Plaintiff voluntarily dismissed
its unjust enrichment claim against the Corporation and the next day, it renewed its
motion for entry of default judgment on Count I for breach of contract against the
Corporation (Doc. 73).   No response in opposition to the motion has been filed and the
time within to do so has expired.

## II. Discussion

### A. Service of Process and Entry of Clerk's Default

Federal Rule of Civil Procedure 4 sets out the rules regarding the service of
process in a federal action.   A corporation may be served "in a judicial district of the
United States … by delivering a copy of the summons and of the complaint to an … agent
authorized by appointment or by law to receive service of process …."   FED. R. CIV. P.
4(h)(1)(B).   The docket does not include a return of service on the Corporation.   But,
before the case was transferred to this Court both Defendants appeared through counsel
in Illinois seeking dismissal or a transfer of venue (Doc. 7).   They did not challenge the
propriety of service of process (Id.).   Therefore, I find that service of process on the
Corporation was proper or alternatively, that the Corporation voluntarily submitted itself to
the jurisdiction of the Court.   The Court granted Plaintiff's motion for the entry of default
against the Corporation and the Clerk properly entered default on July 14, 2015 (Docs.
61-62).

**B. Entry of Default Judgment**

The entry of default by the Clerk does not necessarily require the Court to enter a default judgment.   DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).   Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the complaint sufficiently alleges a basis for a default judgment.   Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]   Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought.   DIRECTV, Inc., 359 F. Supp. 2d at 1206.   "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'"   Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu, 515 F.2d at 1206).   But, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.   In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."   Nishimatsu, 515 F.2d at 1206.

Pursuant to Federal Rule of Civil Procedure 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."   FED. R. CIV. P. 54(b).

**C. Plaintiff's Claim**

By dismissing Count II of its complaint alleging unjust enrichment against the Corporation, Plaintiff has eliminated the risk of inconsistent judgments.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

By virtue of the default, the Corporation is deemed to have admitted the well pled allegations in the complaint.   See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (defendant, by his default, admits the plaintiff's well-pleaded allegations of fact and is barred from contesting those facts on appeal).   Count I alleges that there was a contract between Plaintiff and the Corporation and that the Corporation was an agent for Plaintiff.   The Corporation breached the contract by failing to reimburse Plaintiff for unearned commissions, failing to produce agent's books and records for inspection, failing to return confidential information to Plaintiff, submitting applications for life insurance to Plaintiff under false pretenses, certifying falsely that all information provided to Plaintiff in insurance applications was accurate, complete and correctly recorded, and in otherwise failing to comply with the terms and conditions of the contract (Doc. 1 at 13-15).   The Corporation is also deemed to have admitted that as a result of these breaches, Plaintiff has been damaged in an amount not less than $643,669.27, plus interest (Id. at 15).

Plaintiff has filed the affidavit of its Manager–Allstate Financial Agency Distribution who claims personal knowledge of the Corporation's business generation history (Doc. 73-1).   The witness' unrebutted testimony establishes that the Corporation was an independent contractor selling non-registered insurance products exclusively for Plaintiff between February 1, 2001 and February 14, 2014 (Id., at ¶ 5).   The Corporation was compensated in accordance with a commission schedule and other terms contained in the written agreement between the parties (Id., at ¶ 6).   Under certain circumstances, commissions were subject to chargebacks (Id., at ¶ 8).   Between August 22, 2013 and December 31, 2013, after netting out all commissions and chargebacks, the Corporation owed Plaintiff $277,671.97 (Id., at ¶ 11).   The relationship between Plaintiff and the

Corporation was terminated effective February 14, 2014 (Id., at ¶ 12).   On July 23, 2014, Plaintiff made written demand for repayment of $523,887.96 that was due and owing as of July 23, 2014 (Id., at ¶ 16).[3]   No payment was made by the Corporation or anyone on its behalf (Id., at ¶ 17).   Plaintiff has added interest at the rate of 4.75% which added $26,571.78 to its claim as of July 31, 2014 (Id.).[4]   By September 10, 2014, the balance owed to Plaintiff on unearned commissions had grown to $643,669.27 (Id., at ¶ 18).   This is the amount alleged in Plaintiff's complaint (Doc. 1 at ¶ 41).   Plaintiff seeks judgment for this sum with interest.

However, the witness' affidavit testimony establishes that after the complaint was filed, the principal amount due declined as credits have continued to be applied for renewal commissions earned (Doc. 73-1).   According to the witness, as of August 20, 2015 Plaintiff was owed $630,188.53 plus attorney's fees and other expenses (Id., at ¶¶ 19-20).   Interest at the rate of 4.75% on $630,188.53 is $29,933.95 per year; or $82.01 per diem.   There were 146 days from August 20, 2015 through today which results in an interest calculation of $11,973.58.

### III. Recommendation

Based upon the foregoing, I respectfully recommend that the motion for entry of judgment against the Corporation be **GRANTED** as follows:

On Count I of the complaint, Plaintiff shall recover $630,188.53 as principal, together with interest in the amount of $11,973.58 through January 13, 2016, with interest

---

[3] The amount due Plaintiff changed overtime based upon the performance of policies previously generated by the Corporation.

[4] Plaintiff claims interest at the rate provided in FLA. STAT. §§ 55.03 and 687.01 (Doc. 73 at ¶ 13).

from this date to the date of the judgment at the rate of $82.01 per diem, along with attorney's fees and taxable costs in amounts to be determined.

## IV. Notice to Parties

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 13, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties