UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLSTATE LIFE INSURANCE COMPANY,

Plaintiff,

v. Case No: 6:15-cv-294-Orl-31TBS

STANLEY W. BURNS, INC. and STANLEY W. BURNS,

Defendants.

---

## AMENDED REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff's Motion to Tax Attorneys' Fees and Costs (FRCP 54(d)) (Doc 78). Upon due consideration I respectfully recommend that the motion be **GRANTED in part and DENIED in part**.

### I. Background

Plaintiff filed this action alleging breach of contract, unjust enrichment, intentional misrepresentation, and fraud in the United States District Court for the Northern District of Illinois, Eastern Division (Doc. 1). Defendants, Stanley W. Burns, Inc. (the "Corporation") and Stanley W. Burns, individually ("Burns"), appeared through counsel, and moved for dismissal based on improper venue. In the alternative, they requested transfer of the case to this Court (Docs. 7, 9). On February 23, 2015, the Illinois court granted the motion to transfer venue to the Middle District of Florida (Doc. 26). In its Order, the

[1] This report and recommendation is amended in so far as it makes a recommendation to the district judge for the reimbursement of some costs incurred by Gray Robinson. The report and recommendation docketed on April 13, 2016 (Doc. 79) is hereby superseded and vacated.

Illinois court did not specify a deadline by which the Defendants were to answer the complaint (Id.).

After this Court received the case, defense counsel filed a motion to withdraw on the ground that it would be cost-prohibitive for them to defend the action in Florida (Doc. 33). The Court granted the motion and in its Order, told the Corporation it could only appear through counsel (Doc. 40). The Corporation was given twenty-one days to obtain a new attorney (Id.). Defendants filed multiple motions for extensions of time to obtain new counsel (Docs.42-43, 46-47, 51-52). The motions were granted until the Court allowed a final extension through July 3, 2015 (Doc. 58). In its Order, the Court said no further extensions would be permitted (Id.). No attorney has appeared on behalf of the Corporation and it has not responded to Plaintiff's complaint.

On July 10, 2015, Plaintiff moved for sanctions and the entry of default against both Defendants (Doc. 60). It argued that default was warranted against the Corporation for its failure to obtain counsel and comply with the Court's Orders (Id. at 1). Plaintiff also argued that default of both Defendants was appropriate based upon their failure to file an answer or otherwise respond to the complaint (Id.). The Court granted the motion to default the Corporation and denied the motion to default Burns[2] (Doc. 61). The Clerk entered default against the Corporation on July 14, 2015 (Doc. 62). On July 16, 2015 Burns answered the complaint (Doc. 63).

On August 25, 2015, Plaintiff filed a motion for the entry of judgment against the Corporation pursuant to Federal Rule of Civil Procedure 54 (Doc. 64). No response in opposition to the motion was filed. I recommended, based upon Frow v. De La Vega, 82

[2] Although Burns had not filed a formal answer, the Court noted that on three occasions he filed motions containing denials of the allegations against him (Doc. 61 at 4). Thus default was not appropriate.

U.S. 552 (1872), and its progeny that the motion be denied so as to avoid the possibility of inconsistent judgments (Doc. 65).   On October 13, 2015 Burns filed for protection in bankruptcy where he remains (Doc. 67).   The Court stayed the case against Burns while decreeing that the stay "has no effect on the corporate defendant, Stanley W. Burns, Inc." (Doc. 68).

On November 17, 2015, the district judge adopted my report and recommendation to deny the motion for default judgment against the Corporation without prejudice (Doc. 70).   In his Order, the district judge noted that Plaintiff had asserted the same unjust enrichment claim against both Defendants and therefore, there was the possibility of inconsistent results (Id.).   On January 5, 2016, Plaintiff voluntarily dismissed its unjust enrichment claim against the Corporation and the next day, renewed its motion for entry of default judgment on Count I for breach of contract against the Corporation (Doc. 73). Defendant did not respond to the motion and on January 13, 2016, I recommended that the motion be granted (Doc. 75).   The district judge adopted my recommendation on February 2, 2016 and granted Plaintiff's motion for default judgment.   The district judge directed that judgment be entered against the Corporation in the amount of $630,188.53 as principal, together with interest in the amount of $11,973.58 through January 13, 2016, and interest in the per diem amount of $82.01 from January 13, 2016, through the date judgment was entered (Doc. 77).

On February 16, 2016, Plaintiff filed its motion for taxation of attorney's fees and costs (Doc. 78).   Plaintiff requests three specific amounts of money.   First, legal fees for work performed by the Chicago, Illinois based law firm of Taft Stettinius & Hollister LLP ("Taft") since June 2014, in the amount of $120,530.00 (Doc. 78 ¶ 2).   Second,

$26,938.63[3] in legal fees and costs for work performed by Gray Robinson ("Gray") after the case was transferred to the Middle District of Florida (Id. ¶ 4). Third, costs incurred by Taft in the amount of $1,438.79 (Id. ¶ 3). The Corporation has not responded to the motion and the time within to do so has expired.

## II. Discussion

### A. Plaintiff's Motion is Unopposed

When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x. 432, 434 (11th Cir. 2014)[4] (citing Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). The Court may grant Plaintiff's motion on this basis.

### B. Plaintiff Is Entitled to Attorneys' Fees Under the Agency Agreement

In Florida, "attorneys' fees are awarded only where authorized by contract or statute." Messer v. E.F. Hutton & Co., 833 F.2d 909, 923 (11th Cir. 1987); Cook v. Deltona Corp., 753 F.2d 1552, 1563-1564 (11th Cir. 1985). The crux of Plaintiff's lawsuit

---

[3] When calculated in chambers, I arrived at $26,939.34 as the total amount of requested fees and costs. I arrived at this number by adding the current balances on each of Gray's fee summaries: $1,087.62 + 1,489.50 + 924.50 + 3,404.48 + 955.14 + 3,052.69 + 1,167.50 + 5,503.71 + 3,602.00 + 5,752.20 (Doc. 78-4 at 3, 7, 11, 15, 20, 24, 29, 33, 39 and 45). The Court's award of fees and costs will be based on this total.

[4] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." 11th Cir. R. 36-2.

is that Defendants breached the Allstate L2000C Exclusive Financial Specialist Independent Contractor Agreement ("the L2000C") by accepting unearned commissions on life insurance applications that were wrongly submitted during the course of their agency relationship with Plaintiff (Doc. 1 ¶¶ 151-56). Plaintiff does not identify the attorney's fee provision in the L2000C upon which it relies. There are two possibilities. Section X.B provides

> Agency will indemnify the Company against liability, including the cost of defense and settlements, imposed on the Company by law for damages sustained by any person and caused by the acts or omissions of Agency, its officers, directors, shareholders, members, employees, including Key Person, or other persons working on Agency's behalf in connection with this Agreement, provided that the Company has not caused or contributed to cause such liability by its acts or omissions. The Company agrees, as a condition to such indemnification, to notify Agency promptly of any such claim or suit against the Company. The Company reserves the right to select counsel to represent it in connection with any such claim or suit and to make such investigation or settlement as the Company deems prudent.

(Doc. 1-1 at 7). Section XVIII.F provides

> Agency recognizes that a breach of any of the foregoing provisions will cause irreparable damage to the Company's business and that such damage will be difficult or impossible to measure. Agency agrees that in the event of such breach, the Company, in addition to such other rights and remedies as it may have, will be immediately entitled to an order granting injunctive relief from any court of competent jurisdiction against any act which would violate any such provision, without the necessity of posting a bond, and Agency waives any defense to an application for such order, except that the violation did not occur. Agency agrees that the Company will be entitled to an award of reasonable attorneys' fees in the event that it is successful in an application for injunctive relief or in an action based upon breach of the foregoing provisions.

(Id. at 10). Plaintiff has not filed a claim for indemnity, so I assume its entitlement to fees is based on Section XVIII.F. Plaintiff has only obtained a judgment against the Corporation so, it can only recover fees from that defendant.

C. Plaintiff Can Only Recover Fees Associated with the Breach of Contract Action

It is well settled that district courts within the Eleventh Circuit are required to utilize the "lodestar approach" to calculate a reasonable attorneys' fee. See Gray v. Bostic, 625 F.3d 692 (11th Cir. 2010); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).

1. Reasonable Hours Expended

The first step in determining the lodestar is to assess the reasonable number of hours expended by counsel for the fee applicant. Jackson, 2010 WL 750301, at *3-4. The fee applicant bears the burden of documenting the appropriate number of hours. See United States v. Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. 166, 170 (M.D. Fla. 1995). Plaintiff seeks to recover work done on Burns' bankruptcy case. Plaintiff has failed to show, and I fail to understand, how the work in bankruptcy court was necessary to obtain judgment against the Corporation. In addition, the L2000C provides that Plaintiff is entitled to fees incurred "in an action based upon breach of the foregoing provisions [of the contract]." (Doc. 1-1 at 10.). Plaintiff has not established that Burns breached the contract. Therefore, I find that Plaintiff can only recover fees related to the breach of contract claim against the Corporation. For this reason, I respectfully recommend that the Court deduct $3,978.00, from Plaintiff's fee request for work performed by Taft attorneys, because the corresponding entries relate to Burns' bankruptcy:

| Date | Entry Description | Time (hours) | Billed Amount |
|---|---|---|---|
| 10/20/15 | Examine Burns | 0.50 | $170.00 |

| Date | Entry Description | Time (hours) | Billed Amount |
|---|---|---|---|
|  | bankruptcy petition and related schedules |  |  |
| 10/27/15 | Send Allstate's suggestion of bankruptcy filing to Allen Reed | 0.10 | $34.00 |
| 11/5/15 | Telephone call from Brock Magruder regarding status of pending suit and plan for bankruptcy proceedings | 0.20 | $68.00 |
| 11/16/15 | Examine comments and recommendations received from Gray Robinson by e-mail relating to Burns bankruptcy proceedings | 0.20 | $68.00 |
| 11/16/15 | Evaluate comments | 0.30 | $102.00 |
| 11/16/15 | Consider subjects of interest for inquiry at scheduled R.341 hearing | 0.30 | $102.00 |
| 11/16/15 | Email communications with Brock Magruder at Gray Robinson | 0.20 | $68.00 |
| 11/17/15 | Message from Gray Robinson regarding meeting of creditors | 0.10 | $34.00 |
| 11/17/15 | Emails with litigation team at Gray Robinson | 0.20 | $68.00 |
| 11/17/15 | Prepare status update to Allen Reed with comments | 0.30 | $102.00 |
| 11/18/15 | Coordinate telephone conference among client and Florida counsel | 0.50 | $170.00 |
| 12/10/15 | Emails with Jack | 0.20 | $68.00 |

| Date | Entry Description | Time (hours) | Billed Amount |
|---|---|---|---|
| | Brennan at Gray Robinson regarding proposed dates for Burns 2004 examination | | |
| 12/11/15 | Email communications with Gray Robinson regarding bankruptcy proceedings | 0.20 | $68.00 |
| 12/11/15 | Telephone conference with Jack Brennan at Gray Robinson | 0.30 | $102.00 |
| 12/14/15 | Review and assess action plan summary for bankruptcy proceedings received from Brennan at Gray Robinson | 0.10 | $34.00 |
| 12/14/15 | Email to Gray Robinson litigation team | 0.10 | $34.00 |
| 12/28/15 | Email from Brock Magruder | 0.10 | $34.00 |
| 1/13/16 | Make notes regarding subjects of inquiry for initial examination of Stanley Burns in bankruptcy case | 0.30 | $102.00 |
| 1/15/16 | Telephone conference with Patrick Brennan, Maureen Vitucci and Allen Reed | 0.40 | $136.00 |
| 1/15/16 | Examine draft adversary complaint in bankruptcy proposed by Maureen Vitucci | 0.40 | $136.00 |
| 1/15/16 | Make edits to draft | 0.20 | $68.00 |
| 1/15/16 | Email to Allen Reed with comments | 0.10 | $34.00 |

| Date | Entry Description | Time (hours) | Billed Amount |
|---|---|---|---|
| 1/15/16 | Follow-up call from Ellen Reed | 0.10 | $34.00 |
| 1/15/16 | Email to Jack Brennan | 0.10 | $34.00 |
| 1/18/16 | [Redacted entry] | 0.50 | $170.00 |
| 1/18/16 | Communications with Allen Reed | 0.10 | $34.00 |
| 1/19/16 | Email from Jack Brennan following rule 2004 examination of Stanley Burns in bankruptcy case | 0.10 | $34.00 |
| 1/19/16 | Examine summary report proposed by Brennan | 0.30 | $102.00 |
| 1/19/16 | Email to Allen Reed and Paul Lanspa | 0.10 | $34.00 |
| 1/19/16 | Review 341 memo | 0.40 | $136.00 |
| 1/20/16 | Emails with attorneys at Gray Robinson regarding status of bankruptcy proceedings and draft adversary complaint | 0.30 | $102.00 |
| 1/20/16 | Read memorandum from Ed Halper commenting on 2004 exam | 0.40 | $136.00 |
| 1/25/16 | Email from Paul Lanspa | 0.10 | $34.00 |
| 1/27/16 | Examine bankruptcy trustee's notice to sell property of the estate to debtor, and notice of property to be abandoned by estate; assess for objections | 0.50 | $170.00 |
| 1/27/16 | Examine proposed status report to bankruptcy court drafted by Gray Robinson | 0.10 | $34.00 |

| Date | Entry Description | Time (hours) | Billed Amount |
|---|---|---|---|
| 1/27/16 | Examine Burns' personal tax returns for years 2012, 2013 and 2014, with schedules; compare reported income to 1099s provided by Allstate and rate discrepancies | 0.90 | $306.00 |
| 1/28/16 | Meeting E. Boddy; review tax return discrepancies | 0.60 | $204.00 |
| 1/28/16 | Consult with Ed Halper regarding disclosures in Burns personal tax returns | 0.50 | $170.00 |
| 1/28/16 | Telephone conference with Jack Burns regarding pending motions in bankruptcy | 0.30 | $102.00 |
| 1/28/16 | Develop recommendations to client for follow-up | 0.50 | $170.00 |
| 1/28/16 | Send personal tax returns to client with comments and recommendations | 0.50 | $170.00 |

For the same reason, I respectfully recommend that the district judge award Plaintiff Gray's pre-October 19, 2015 fees and only those fees incurred between October 19, 2015 and December 30, 2015 listed below. The remainder of Gray's fees are for Burns' bankruptcy.

| Date | Entry Description | Time (hours) | Billed Amount |
|---|---|---|---|
| 10/20/15 | Prepare for and facilitate preparation for mediation | 0.80 | $140.00 |
| 10/30/15 | Review mediation report to court | 0.10 | $17.50 |
| 11/17/15 | Exchange email | 0.20 | $40.00 |

| Date | Entry Description | Time (hours) | Billed Amount |
| --- | --- | --- | --- |
| | correspondence with national counsel re: order and plan of action | | |
| 11/17/15 | Analyze and consider order adopting Magistrate Judge Smith's recommendation and deny motion for entry of judgment without prejudice and develop plan of action | 0.30 | $60.00 |
| 11/17/15 | Review order confirming report and recommendation of magistrate judge denying our motion for default against corporation | 0.10 | $17.50 |
| 11/17/15 | Email to Ms. Boddy re: order confirming magistrate judge's report and recommendation denying our motion to default corporate defendant | 0.10 | $17.50 |
| 12/3/15 | Conferring regarding implications of stay on document production | 0.20 | $77.00 |
| 12/4/15 | Strategy session with Maureen Vitucci and Brock Magruder regarding filing of the adversary proceeding and discovery | 0.30 | $75.55 |
| 12/4/15 | Conferring regarding implications of District Court | 0.50 | $192.50 |

| Date | Entry Description | Time (hours) | Billed Amount |
|---|---|---|---|
| | discovery and recommendation in proceeding | | |
| 12/7/15 | Conferring regarding district court discovery | 0.20 | $77.00 |
| 12/7/15 | Conferring with teamer automatic stay issues relating to corporate discovery | 0.30 | $100.50 |
| 12/10/15 | Review sua sponte order canceling trial and pretrial conference dates | 0.10 | $17.50 |
| 12/28/15 | Analyze and consider federal rules and Middle District of Florida local rules in preparation of draft motion or notice of voluntary dismissal of unjust enrichment claim against Stanley W. Burns, Inc. | 0.40 | $80.00 |
| 12/29/15 | Analyze and consider federal law re: process for dismissal of action after answer files and default judgment entered | 0.40 | $80.00 |
| 12/30/15 | Start to draft motion for dismissal of Count II (unjust enrichment against Stanley W. Burns, Inc. | 0.30 | $60.00 |

2. Reasonable Hourly Rate

The second step in determining the lodestar is to assess the reasonableness of the attorney's hourly rate. "A reasonable hourly rate is the prevailing market rate in the

relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Loranger, 10 F.3d at 781; see also Jackson, 2010 WL 750301, at *2-3. The following twelve factors, originally set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), are also considered in calculating a fee award:

> (1) The time and labor required; (2) [t]he novelty and difficulty of the questions; (3) [t]he skill requisite to perform the legal services properly; (4) [t]he preclusion of other employment by the attorney due to acceptance of the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent; (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he amount involved and the results obtained; (9) [t]he experience, reputation, and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he nature and length of the professional relationship with the client; and (12) [a]wards in similar cases.

Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. at 170. The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." In most cases, "satisfactory evidence" consists of something more than the affidavit of the attorney performing the work. ` Loranger, 10 F.3d at 781. In other cases, district courts have considered the affidavit of the attorney performing the work as the best evidence of the prevailing market rate. See Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). In all cases, a district court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781.

The attorneys at the Taft firm who worked on the case, Edward J. Halper, partner, Elizabeth J. Boddy, senior litigation counsel, and Richard Hu, associate, all billed their time, by agreement with Plaintiff, at the rate of $340 per hour (Doc. 78-1, ¶ 3). According

to Taft's website, Mr. Halper was admitted to the practice of law in 1973 and concentrates his practice on corporate banking, trust, and transactional work.[5] Ms. Boddy is a litigator who has been practicing law for approximately 24 years.[6] Mr. Hu is a fifth year associate.[7] I have considered, *inter alia*, Ms. Boddy's declaration, as well as her experience and years of practice, in addition to the experience and years of practice of the other professionals involved, and recommend that the district court find that the requested rate for everyone except Mr. Hu are reasonable. Although the rate for Mr. Hu is high by Central Florida standards, I am not recommending an adjustment, because his time is offset by the somewhat below market rates for Mr. Halper and Ms. Boddy.

D. Plaintiff Can Only Recover Costs for Court Fees and the Investigative Report

Under the Federal Rules of Civil Procedure, a prevailing party is generally entitled to an award of all taxable costs incurred in litigating the dispute. See FED. R. CIV. P. 54(d)(1). Rule 54(d)(1) does not, however, "permit 'unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case.'" Scelta v. Delicatessen Support Servs. Inc. et al., 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002). Rule 54(d)(1) costs are limited to the items enumerated in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6)

---

[5] www.taftlaw.com/attorneys/738-edward-j-halper last visited April 12, 2016.

[6] www.taftlaw.com/attorneys/720-elizabeth-j-boddy last visited April 12, 2016.

[7] www.taftlaw.com/attorneys/790-richard-hu last visited April 12, 2016.

> Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920; see Scelta, 203 F. Supp. 2d at 1339.

The Eleventh Circuit has held that "costs such as general copying, computerized legal research, [courier/]postage, courthouse parking fees and expert witness fees ... are clearly nonrecoverable under § 1920." Gary Brown & Assocs. v. Ashdon, Inc., 268 F. App'x 837, 846 (11th Cir. 2008) (internal citations omitted) (quoting Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996)). Additionally, costs for meals are not taxable under section 1920. Copely v. Superior Logistics Alternative, Inc., No. 1:10-cv-0009-MEF, 2011 WL 1165476, at *5 (M.D. Ala. Mar. 30, 2011); see also Villaneuva-Gonzalez v. Grainger Farms, Inc., No. 2:09-cv-716-FtM-36DNF, 2011 WL 5834677, at *8 (M.D. Fla. Aug. 9, 2011). "[C]osts of attorney's travel [and lodging] are [also] not taxable under 28 U.S.C. § 1920." Reinhold v. Durango Steakhouse of Titusville, Inc., No. 6:05-cv-1090-Orl-22JGG, 2007 WL 470504, at *1 (M.D. Fla. Feb. 13, 2007) (citing Scelta, 203 F. Supp. 2d at 1339); see also Villaneuva-Gonzalez, 2011 WL 5834677, at *8.

Upon consideration of the foregoing, I respectfully recommend that the district only award Plaintiff total costs in the amount of $815.00, as reimbursement for (a) the $400 filing fee paid on September 12, 2014 (Doc. 78-3 at 2), (b) the $150 court fee paid on March 12, 2015 (Doc. 78-4 at 9), and (c) the $265 investigative report fee paid on May 19, 2015 (Id. at 13).

## III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **GRANTED IN PART**, and that Plaintiff be awarded:

(1) $116,552 in fees for work performed by the Taft firm;

(2) $15,166 in fees for work performed by the Gray firm;

(3) $400 in costs expended by the Taft firm; and

(4) $415 in costs expended by the Gray firm;

(5) For a total fee award of $131,718; and

(6) A total costs award of $815.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 14, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Unrepresented Parties